REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature Room 1116, State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have submitted a legislative proposal which would base state aid to counties, municipalities, and natural resources districts entirely on population, as determined by the latest federal census. You say that this would lock the population statistics upon which the formula relies at a figure representing population as it existed in 1980, which could not be changed until the 1990 census is completed. You ask whether such a formula would clash with the prohibition against closed classification, and call our attention to State ex rel. Douglas v. Marsh, 207 Neb. 598,300 N.W.2d 181 (1980).
We believe there are two answers to the problems you present. First, we think it is by no means certain that no changes in the figures can be made before the 1990 census. Your proposed legislation speaks of `the latest federal census,' not `the latest decennial federal census.' A special census of a particular locality is authorized by 13 U.S.C. § 8. If a particular political subdivision felt that its population had grown, it could get such a special census, and our court might well permit its use.
We have discussed a similar question in at least two opinions, Report of the Attorney General 1965-66, No. 184, and Report of the Attorney General 1969-70, No. 7. In the latter opinion we pointed out that our court had not decided the question, and cited diametrically opposed opinions from Arizona and Wyoming. We felt that the case most nearly in point was the Arizona case, City of Bisbee v. Williams,83 Ariz. 141, 317 P.2d 567 (1957).
That case involved a distribution of a certain percentage of a tax to municipalities in proportion to their population, as shown by the most recent federal census. In permitting use of a special census, the court said:
 While the desirability of the utilization by the state treasurer of a fixed base, such as the most recent decennial census, in his allocations to the several municipalities of the state of their proportion of this tax is apparent, we cannot substitute our judgment for that of the people who adopted this initiated measure and say as a matter of law that the `most recent' census must mean the `most recent decennial' census. Had it been intended that only the decennial census be utilized, it would have been very easy for the framers of the legislation to have said so.
In our Opinion No. 7 we pointed out that § 66-424.01
(which has since been repealed), provided for the use of `the most recent decennial census,' and felt that the use of different language in another statute manifested an intent that a different result should be reached. We point out that the term `decennial census' is used in Neb.Rev.Stat. 8-116
(Supp. 1982), § 32-4,147 (Reissue 1978), § 54-614 (Reissue 1978), § 70-610 (Supp. 1982), § 79-902.01 (Supp. 1982), § 79-1003 (Supp. 1982), and § 79-2646.01 (Reissue 1981). Failure to use that term in the bill you present would indicate an intent to authorize use of other than decennial censuses.
In Pelzer v. City of Bellevue, 198 Neb. 19,251 N.W.2d 662 (1977), the court cited City of Bisbee v.Williams, in holding that the `most recent federal census' referred to the most recent federal census available to the community, either the regular decennial one or a special census. We therefore feel that it is at least doubtful that it can be said, as a matter of law, that no change could be made in the allocation until the release of the next decennial census.
Even if the court should hold that only the decennial census can be used, we do not believe that State ex rel.Douglas v. Marsh, supra, would prohibit it.
The classification involved in that case was permanently frozen. The cases we have read with respect to frozen classification have dealt with legislation that made no provision for changes in the future. That is not the case with respect to the legislation you inquire about, even if `latest federal census' were construed to mean `latest federal decennial census.'
Population is a very common basis for classification, and it has always been upheld, if it has any relevance to the purpose of the legislation. All cities and villages in the state are classified according to population. ArticleIII, Section 5 of the Nebraska Constitution requires the legislative districts to be established after each federal decennial census. Congressional districts are, of course, fixed until the next decennial census.
We are not suggesting that the court might not strike down legislation which froze classification less than permanently. It is a question of reasonableness, and probably each situation must be judged in view of its own peculiar circumstances, and movement from one class to another permitted as often as circumstances reasonably permit.
Population has regularly been used, by this and other states, for distribution of state aid to political subdivisions. We do not believe any constitutional attacks have been made on this method, even if only decennial censuses are used.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General